UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALAN RAY DECKER, ET AL., | § | |
| Plaintiffs. | § § § | |
| VS. | § | CIVIL ACTION NO. 3:19–CV–00250 |
| JAMES ROUTLEDGE, | § § § | |
| Defendants. | § § | |

## ORDER

There are several motions and requests for pre-motion conferences pending before me in this case. They include: (1) Defendant[']s Rule 12(b) Motion to Dismiss First Amended Complaint ("Motion to Dismiss") (Dkt. 13); (2) Plaintiffs['] Motion for Leave to File Amended Petition ("Motion for Leave") (Dkts. 24, 26, 36)[1]; (3) First Amended Motion to Withdraw as Plaintiff[s'] Counsel (Dkt. 34); (4) Request for Pre-Motion Conference [to Add Additional Parties] (Dkt. 31); and (5) Request for Pre-Motion Conference [to File a Motion for Summary Judgment on Liability Only] (Dkt. 33).

After carefully reviewing the motions and the applicable law, I **GRANT** the Motion to Dismiss and **DENY** the Motion for Leave. As a result of these rulings, the other pending motions and requests for pre-motion conferences are moot and I **DENY** them as such. I explain my reasoning below.

---

[1] For some unknown reason, three identical copies of the Motion for Leave show up on the docket.

## BACKGROUND

In August 2019, Plaintiffs Alan Ray Decker ("Decker") and Care Sharp LLC ("Care Sharp") (collectively, "Plaintiffs") filed this lawsuit against James Routledge ("Routledge"). The gravamen of Plaintiffs' claim is that Routledge confiscated two trailers without permission from Decker more than 15 years ago. That is not a misprint. The claim is that Routledge took the trailers back in 2004.[2]

In accordance with local procedure, Routledge filed a pre-motion letter seeking to file a motion to dismiss on various grounds, including that Plaintiffs' claims were barred by the applicable statute of limitations. I gave Plaintiffs an opportunity to amend their complaint, and they did so by filing a First Amended Complaint on October 25, 2019. I also entered a Docket Control Order, establishing October 25, 2019, as the deadline by which Plaintiffs could file an amended pleading.

Although somewhat rambling and confusing, the First Amended Complaint alleges that Routledge failed to timely return two trailers, "more accurately: custom-built mobile surgical instrument repair shops." Dkt. 12 at 5. Plaintiffs readily concede that the trailers were "leased to Routledge . . . and payments are due **back to the conversion date in 2004**." *Id.* (emphasis added). The lawsuit also alleges that Routledge, who worked for Decker and/or Care Sharp, breached a contract when, "[d]uring the last quarter of 2004[,] Routledge stopped communicating with [Care Sharp]. He stopped sending completed

---

[2] 2004 was a long time ago. It was the year Mark Zuckerberg created Facebook and President George W. Bush beat Democratic challenger John Kerry to gain a second term in office. It was also more than a decade before the Houston Astros broke my heart by engaging in a brazen sign-stealing scandal that brought shame to the City of Houston and tarnished its World Series trophy.

work orders to [Care Sharp] corporate headquarters for customer invoicing." *Id.* at 8. Plaintiffs bring causes of action "for conversion, intentional infliction of emotional distress, defamation of character and breach of contract." *Id.* at 4. Through this lawsuit, Plaintiffs seek roughly $34 million in damages.

## LEGAL STANDARD

### A. RULE 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, I must view the well-pleaded facts in the light most favorable to the plaintiff. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

"The statute of limitations may serve as a proper ground for dismissal under [Rule 12(b)(6)] . . . if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (quotation marks and citation omitted). *See also Wolfe v. Bellos*, No. 3:11-cv-02015-L, 2012 WL 652090, at *5 (N.D. Tex. Feb. 28, 2012) ("A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a

3

plaintiff's pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling the statute."). In assessing the sufficiency of the complaint, I must limit my review "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).[3]

## B. MOTION FOR LEAVE TO AMEND COMPLAINT

Rule 15(a) provides: "The court should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a). Given this directive, the Fifth Circuit has held that a district court should generally allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Although Rule 15(a) ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (internal quotation marks and citation omitted). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A court is to consider the following factors when determining whether good cause exists:

---

[3] In response to the Motion to Dismiss, Plaintiffs submit the Affidavit of Alan Decker and repeatedly refer to its contents. Since I cannot look beyond the face of the pleadings when considering a Rule 12(b)(6) motion, I decline to consider Decker's affidavit.

4

"(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422. Ultimately, Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation marks and citation omitted).

## ANALYSIS

### A. RULE 12(b)(6) MOTION TO DISMISS

Given that the thrust of this lawsuit is that Routledge converted two trailers by not returning them by a 2004 due date, the causes of action asserted in the First Amended Complaint would have accrued, at the latest, by December 31, 2004. Not surprisingly, the statute of limitations presents a formidable obstacle in this case. The limitations period for each claim set forth in the First Amended Complaint is as follows: conversion (two years): TEX. CIV. PRAC. CODE § 16.003(a); intentional infliction of emotional distress (two years): *id.*; breach of contract (four years): TEX. CIV. PRAC. CODE § 16.051; and defamation (one year): TEX. CIV. PRAC. CODE § 16.002(a). It is black-letter law that "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). As a result, it would appear as if Plaintiffs' causes of action were filed 11 to 14 years *after* the applicable statutes of limitations had expired.

In what can be best described as a desperate stab at salvaging this lawsuit, Plaintiffs contend that the continuing tort doctrine rescues their claims from a limitation quagmire. The continuing tort rule in Texas provides an exception to the general rule that the limitations period begins to run when a claim accrues or when damages are sustained. "A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action." *First Gen. Realty Corp. v. Md. Cas. Co.*, 981 S.W.2d 495, 501 (Tex. App.—Austin 1998, pet. denied). "A claim for a continuing tort does not accrue until the defendant's wrongful conduct ceases." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017). The continuing tort doctrine is "rooted in a plaintiff's inability to know ongoing conduct is causing her injury; thus, the rationale for the doctrine no longer applies if the claimant has discovered her injury and its cause and the statute [of limitations] commences to run upon discovery." *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 894 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In determining whether there is a continuing tort, "care must be taken to distinguish between 1) repeated injury proximately caused by repetitive wrongful or tortious acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not." *Rogers v. Veigel Inter Vivos Tr. No. 2*, 162 S.W.3d 281, 290 (Tex. App.—Amarillo 2005, pet. denied).

Despite Plaintiffs' valiant efforts, the continuing torts doctrine provides them no relief here. It is hard to imagine how Plaintiffs were unaware that the trailers had not

6

been returned by the 2004 due date.[4] Likewise, when it comes to the breach of contract claim, Plaintiffs acknowledge that they knew back in 2004 of the alleged breach of contract since that is when Routledge allegedly violated the contractual agreement by failing to send work orders. Although Plaintiffs may have experienced continuing injury, the alleged damages Plaintiffs suffered arose from isolated actions—the conversion of the trailers and the breach of contract—that took place in 2004. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) ("The fact that damage may continue to occur for an extended period after accrual does not prevent limitations from starting to run."); *Krohn v. Marcus Cable Assocs., LP*, 201 S.W.3d 876, 881 (Tex. App.—Waco 2006, pet. denied) ("Here, the Krohns allege one wrongful act—the placement of the cable line across their property—which has been a source of continuing injury. Therefore, we hold as a matter of law that Marcus's trespass was not a continuing tort."). As a result, the continuing tort rule is inapplicable and I must follow the long-standing rule that "a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy." *Murray*, 800 S.W.2d at 828. At the absolute latest, Plaintiffs' claims accrued on December 31, 2004. The statutes of limitations expired one to four years from that date, well before this lawsuit was filed in August of 2019. The statutes of limitations thus bar all of Plaintiffs' causes of action.

---

[4] Plaintiffs airily assert that they did not learn that there was "a conversion and a breach of contract and a defamation of character and an active scheme to defraud Plaintiff[s]" until a May 17, 2019 phone call. Dkt. 12 at 4. This is simply not plausible. A naked allegation, such as this, is wholly insufficient to pass muster under Rule 12(b)(6). As the Supreme Court has noted: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotation marks, brackets, and citations omitted).

Even if Plaintiffs' claims were not barred by the statutes of limitations, Routledge advances several additional reasons why Plaintiffs' causes of action cannot survive as a matter of law. First, Routledge argues that the intentional infliction of emotional distress claim fails because where, as here, the thrust "of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffman-LaRoche, Inc.*, 144 S.W.3d 438, 447 (Tex. 2004). Second, Routledge notes that Care Sharp, as a business entity, cannot maintain a claim for intentional infliction of emotional distress. *See Haygood v. Chandler*, No. 12-02-00239-CV, 2003 WL 22480560, at *6 (Tex. App.—Tyler. Oct. 31, 2003, pet. denied). Third, Routledge contends that the economic loss rule—which bars tort recovery when a contractual relationship gives rise to both contractual duties and tort duties, and Plaintiffs' injury is only to the economic loss of the subject of a contract itself—precludes Plaintiffs' conversion claim. Fourth, Routledge argues that the defamation claim must be dismissed because Plaintiffs have failed to plead the elements of a defamation claim under Texas law. I take Plaintiffs' failure to respond to these arguments as a representation of no opposition, and the motion to dismiss the claims for conversion, intentional infliction of emotional distress, and defamation is granted for these independent reasons.

## B. MOTION FOR LEAVE TO AMEND COMPLAINT

Apparently recognizing the inadequacies in their live pleading, Plaintiffs ask me to allow them to amend their complaint a second time. I already gave Plaintiffs a chance to amend the complaint once, and they did so on October 25, 2019.

The Motion for Leave was filed a little over a month after the filing of the First Amended Complaint and the expiration of the pleading deadline set forth in the Docket Control Order. The proposed Second Amended Complaint seeks to add a new party (OEM Medical Solutions LLC) and seeks to add causes of action "for common-law fraud, fraud in the inducement, fraud by nondisclosure, and civil conspiracy to commit common-law fraud." Dkt. 24-1 at 4. In their two-page Motion for Leave, the only reasoning Plaintiffs provide for the need to file a Second Amended Complaint is as follows: "In order to clarify the case law for the Court and include additional hard evidence of Plaintiff's [sic] position, this Amended Petition needs to be filed in order to help the Court make a decision in keeping with federal law." Dkt. 24 at 1. This explanation is completely inadequate. Plaintiffs make no effort to explain why the proposed new claims could not have been brought in the First Amended Complaint. Plaintiffs also fail to explain why they could not have added OEM Medical Solutions LLC as a defendant at an earlier date. In light of the fact that Plaintiffs have already filed one amended complaint, there is no good cause or excusable neglect to support the filing of a Second Amended Complaint. I, therefore, exercise my discretion to deny leave to amend. In doing so, I conclude that Plaintiffs have not been diligent in seeking to amend the complaint and there would be undue prejudice to Routledge if I allowed an amendment at this late date. I also find that permitting an amendment would be futile as Plaintiffs' new claims still face a limitations bar as high as Mount Everest.

## CONCLUSION

For the reasons stated above, I **GRANT** Defendant[']s Rule 12(b) Motion to Dismiss First Amended Complaint (Dkt. 13); **DENY** Plaintiffs['] Motion for Leave to File Amended Petition (Dkts. 24, 26, 36); and **DENY AS MOOT** the First Amended Motion to Withdraw as Plaintiff[s'] Counsel (Dkt. 34); Request for Pre-Motion Conference [to Add Additional Parties] (Dkt. 31); and Request for Pre-Motion Conference [to File a Motion for Summary Judgment on Liability Only] (Dkt. 33).

This case is **DISMISSED**.

SIGNED at Galveston, Texas, this 21st day of January, 2020.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE